**Benito Garcia SILVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37471.**

Court of Criminal Appeals of Texas.

Dec. 16, 1964.

Rehearing Denied Jan. 27, 1965.

Robert Fagan, Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., Clifford L. Zarsky and Douglas Tinker, Asst. Dist. Attys., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is Driving While Intoxicated, second offense, a felony; the punishment, a fine of $100 and 30 days confinement in the county jail.

State's witness, K. S. Miller, testified that he was a police officer with the Corpus Christi Police Department. On the evening of January 22, 1964, he was driving out to investigate an accident when he observed an automobile in front of him speed up and change directions several times. The witness related that this car was going about 50 miles an hour, which was above the speed limit, and would change lanes without regard to other vehicles. The officer finally overtook this vehicle, sounded his horn several times, turned on his red light and got no response. He turned on his siren and finally the car pulled over and stopped. This witness stated that he asked appellant to get out of his car; that when appellant got out of the car he staggered, weaved back and forth when he was attempting to get his driver's license out of his wallet; spoke with a thick tongue; his eyes were glassy. The officer testified, based upon his experience with intoxicated people, that in his opinion appellant was intoxicated when he arrested him.

Deputy Sheriff William L. Burch testified that he was the Superintendent of the Identification Section of the Nueces County Sheriff's Office. Mr. Burch testified that jail record sheets and pictures taken of appellant were those of the same individual. Thus, by referring to the first state's exhibit showing the date of the first offense and the pertinent facts as to the conviction and considering them with the testimony of Mr. Burch we conclude that the state did ultimately establish the identity of the appellant and did establish the prior conviction.

Appellant adduced testimony from the wife of one of his friends. She testified that appellant was not intoxicated; that she and her husband had seen him at dinner and later they rode from the restaurant with him and were in the car with appellant at the time that he was arrested.

The jury resolved the facts against appellant's version. We find no merit in appellant's contention that the state failed to establish identity of appellant. We find the evidence sufficient to sustain the jury's verdict.

Finding no reversible error, the judgment is affirmed.